## B. ELDER *v.* JOHN FIELDER.

ACTIONS. *Replevin. Office and officers. Principal and surety. Substitution. Bond.* The substitution of the party in interest as defendant, instead of an officer, in a replevin suit, does not release the surety on the replevin bond.

Case cited: Smith *v.* Roby, 6 Heis., 546.
Code cited: Section 2800, *a, b, c.*

### FROM GIBSON.

Appeal from the Circuit Court. G. B. BLACK, Judge.

Elder *v.* Fielder.

JONES & CARTHEL for plaintiff.

HILL & COOPER for defendant.

McFARLAND, J., delivered the opinion of the court.

This action of replevin was brought by Elder against James Patterson, who as constable had attached the cotton sued for, at the instance of John Fielder. These facts being brought to the attention of the circuit judge, an order was made substituting Fielder as defendant in the place of Patterson. The trial resulted in a verdict and judgment for the defendant. The plaintiff has appealed, and H. L. Elder, the surety on the replevin bond, also brings up the case as to him by writ of error.

There is no error as to the plaintiff, B. Elder, but the question made in behalf of H. L. Elder, the surety, is that he was released of the order substituting a new defendant without his knowledge or consent. The case of *Smith* v. *Roby*, 6 Heis., 546, is relied upon. We are of opinion that there is a substantial distinction between that case and the present. In that case, after issue joined, a new defendant was substituted by consent, but whether this new defendant claimed under the same or a different title did not appear. It did not appear that the plaintiff's rights to a recovery remained the same after the substitution as before, but it was said in substance, that the plaintiff might have recovered against the first defendant, and the substitution of the new defendant, (claiming perhaps under a

different title) might have defeated the plaintiff's action. In this view the surety was held discharged. Here it fully appears that Patterson, who was sued in the first instance, was a constable, and claimed no interest in the property, except by virtue of his levy in behalf of Fielder. In such cases the statute provides for the substitution of the party at whose instance the levy is made, and the plaintiff's assent to this is not necessary as the real defendant. Act of 1859–'60, T. & S. Code, sec. 2800 *a, b, c.* It fully appears that the plaintiff's right of recovery, whatever it might have been, was in no degree changed by the substitution. But the action and the question to be tried remains in all substantial respects the same as before, the change being simply to substitute a real for a nominal defendant. We think in such a case the surety is not released.

The judgment will be affirmed.